UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derrick Anthony Criswell, Jr., # 337479, | ) | C/A No. 2:11-526-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | *for dismissal of two Defendants* |
| | ) | |
| Lt. Darrell Patrick; Ofc. (FNU) Willis; LeVern Cohen, | ) | |
| Warden; Robert Ward, Reg. Dir.; Jon E. Ozmint, | ) | |
| Director SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Derrick Anthony Criswell, Jr. ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Ridgeland Correctional Institution,

a facility of the South Carolina Department of Corrections (SCDC), and he files this action

*in forma pauperis* under 28 U.S.C. § 1915.  Plaintiff alleges that Defendants have violated

his constitutional rights.  Plaintiff seeks money damages and other relief.  Defendants Ward

and Ozmint should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110

Stat. 1321 (1996).  This review has been conducted in light of the following precedents:

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411,

2

417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions such that liability cannot be imposed on a defendant for actions taken by other prison officials. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). In other words, for a defendant to be liable in his individual capacity, he must have in some way personally deprived a plaintiff of his constitutional rights.

Plaintiff alleges that during his incarceration at Ridgeland Correctional Institution and beginning on March 19, 2010, certain Defendants violated his constitutional rights to due process, equal protection, and meaningful access to the courts.  Plaintiff alleges that Defendants Patrick, Willis, and Cohen were personally involved with depriving Plaintiff of his constitutional rights.[2]  He alleges that Defendants Robert Ward, Regional Director at SCDC headquarters in Columbia, and Jon E. Ozmint, Director at SCDC headquarters in Columbia, should be liable because they supervise, directly or indirectly, and are responsible for training other prison officials through their employment relationship with SCDC.  Plaintiff further alleges that the SCDC policies and procedures did <u>not</u> allow the unconstitutional conduct performed by Defendants Patrick, Willis, and Cohen. Thus, based on Plaintiff's allegations, Defendants Ward and Ozmint should be liable because they employed other persons who acted wrongfully.  As discussed above, a person cannot be liable pursuant to § 1983 in his individual capacity because he was the supervisor or manager of another person.  *Cf. Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94).  Plaintiff, therefore, failed to state a cognizable § 1983 claim against Defendants Ward and Ozmint.

To the extent that Plaintiff brings suit against Defendants Ward and Ozmint in their official capacities, the Eleventh Amendment prohibits Plaintiff from suing them in this federal court for money damages.  *See Brooks v. Arthur*, 626 F.3d 194, 201 (4th Cir. 2010)

---

[2] In an Order entered contemporaneously with this Report and Recommendation, service of process is authorized upon Defendants Patrick, Willis, and Cohen.

4

(explaining that a person in his official capacity is an official representative of a government

or corporation).  The Eleventh Amendment to the United States Constitution reflects the

foundational principle of sovereign immunity because it divests this Court of jurisdiction to

entertain a suit brought against the State of South Carolina or its integral parts, such as a

State agency or department.  *See Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009).

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

State."  *See e.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*,  535 U.S. 743,

747 (2002); *Bellamy v. Borders*, 727 F.Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin*

*v. South Carolina Dep't of Soc. Serv.*, 562 F.Supp. 579, 583-585 (D.S.C. 1983); and

*Belcher v. South Carolina Bd. of Corr.*, 460 F.Supp. 805, 808-809 (D.S.C. 1978).  *See also*

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express

language of Eleventh Amendment only forbids suits by citizens of other States against a

State, Eleventh Amendment bars suits against a State filed by its own citizens).  Under

*Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district

court.  *Id.*  The State of South Carolina has not consented to suit in a federal court.  *See*

S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South

Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court

of the State of South Carolina, and does not consent to suit in a federal court or in a court

of another State).  It is clear that the South Carolina Department of Corrections is a

department of the State of South Carolina and functions as an arm of the State.  *See*

*Belcher*, 460 F.Supp. at 808-809.  Thus, because Plaintiff seeks money damages from

Ward and Ozmint as official representatives of an arm of the State of South Carolina, this action is barred in this Court.

Recommendation

Accordingly, it is recommended that the District Court dismiss Defendants Robert Ward and Jon E. Ozmint *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

March 21, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).