IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Anthony Criswell, Jr., ) | |
| ) | Civil Action No. 2:11-526-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Lt Darrell Patrick, ) | |
| Officer FNU Willis, and ) | |
| Warden Levern Cohen, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Before the court is the Plaintiff's Motion to Dismiss. (Dkt. # 32.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). However, once the defendant has answered or filed a motion for summary judgment, Fed.R.Civ.P. 41(a)(2) requires leave of court for a voluntary dismissal without prejudice. Whether to grant such a motion is within this court's discretion. *Davis v. USX Corp.*, 819 F.2d 1270, 1273

(4th Cir. 1987). Here, the Defendants have answered and filed a motion for summary judgment, thus dismissal requires leave of the court.

Under Rule 41(a)(2), FRCP, a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), FRCP. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.*

"A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W.Va. Sep.12, 2003). In considering a motion under Rule 41(a)(2), the court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.*

The Plaintiff filed this action on March 7, 2011, (Dkt. # 1), and the Defendants filed a Motion for Summary Judgment on June 20, 2011. (Dkt. # 28). On June 23, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised

of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 30.)

Here, the Defendants have consented to the dismissal of the Complaint, but they seek a dismissal with prejudice. (Dkt. # 33.) The court has not set the action for trial, and the Defendants apparently have not engaged in substantial discovery or incurred significant expenses in defending the action. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036-37 (4th Cir. 1986). "[T]he mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice." *Howard v. Inova Health Care Servs.*, 302 Fed. Appx. 166, 179 (4th Cir. 2008)(unpublished) (quotation omitted). Similarly, the "prospect of a second lawsuit" does not give rise to such prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1274-75 (4th Cir. 1987). The Defendants, have not shown that they would be unfairly prejudiced if the Complaint is dismissed without prejudice. Accordingly, the Complaint should be dismissed without prejudice.

As to the Plaintiff's request that the $350.00 filing fee be returned to him, the undersigned notes that the Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1).

Based on the foregoing, it is recommended that the Motion to Dismiss (Dkt. # 32) be GRANTED and the Complaint be DISMISSED without prejudice. Furthermore, the Plaintiff's request for the return of his filing fee should be DENIED.

IT IS SO RECOMMENDED.

                                                      s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

July 26, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).